IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **DEMICO L. PATTERSON,** | } | |
| | } | |
| Plaintiff, | } | Civil Action No. 4:10-cv-470 |
| V. | } | |
| | } | JURY TRIAL DEMANDED |
| **SPECIAL ADMINISTRATIVE BOARD** | } | |
| **OF EDUCATION OF THE CITY OF ST.** | } | |
| **LOUIS, & KELVIN ADAMS,** | } | |
| | } | |
| Defendants. | } | |

## COMPLAINT

COMES NOW Demico L. Patterson, by and through counsel, Rufus J. Tate, Jr., and for his Complaint states the following:

*Nature of the Action*

This is a civil action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. It seeks to deter the Special Administrative Board (SAB) and its superintendant of schools from acting in contravention of plaintiff's fundamental educational rights codified at MO Const. art. IX, § 1(a) by (i) disrupting plaintiff's regular classroom educational opportunities at Beaumont High School prior to the completion of an expulsion hearing by SAB and/or (ii) utterly failing provide any educational opportunities at any time during the period of suspension or expulsion. This civil action also seeks to make plaintiff whole in the form of requested compensatory, declaratory and injunctive relief.

Moreover, the administrative framework within SAB has proven inadequate to protect plaintiff's fundamental educational rights because those administrative officials have ignored or willfully disregarded the plain and unambiguous terms of Missouri's suspension and expulsion statutes. Consequently, defendants have used their administrative authority to facilitate the

1

continued deprivation of plaintiff's fundamental education rights with which they otherwise have been entrusted by statute.

*Parties*

1) Plaintiff, Demico L. Patterson, at all pertinent times herein was a citizen of Missouri residing in the City of St. Louis;

2) Defendant, Special Administrative Board of Education for the City of St. Louis (SAB), at all pertinent times herein undertook responsibility for the operations for the St. Louis Public School District in accordance with § 162.081 RSMo.  Based upon the acts and/or omissions complained of herein, the SAB is sued for compensatory damages, declaratory and injunctive relief;

3) Defendant, Kelvin Adams, at all pertinent times herein served by appointment as the Superintendant of the SAB (Superintendant).  Based upon the acts and/or omissions complained of herein, defendant Adams is sued both in his official and individual capacities for compensatory and exemplary damages, declaratory and injunctive relief;

*Subject-Matter Jurisdiction*

4) This Court has original subject-matter jurisdiction over the federal claims herein pursuant to 28 U.S.C. §§ 1343, 2201, and 2202 because defendants acted under color of law to deprive plaintiff of his rights secured by the United States Constitution;

5) This Court has supplemental subject-matter jurisdiction over the state law claims herein pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution;

*Venue*

6) Venue is appropriate in the Eastern Division pursuant to 28 U.S.C. § 1391(b)(2) and EDMo L.R. 2.07(B) because it is the judicial district in which a substantial portion of the acts or omissions giving rise to the complaint herein occurred;

*Jury Demand*

7) Plaintiff requests a jury trial in accordance with Fed.R.Civ.P. 38(b);

*Common Factual Allegations*

8) Article IX, § 1(a) of the Missouri Constitution states "[a] general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the general assembly shall establish and maintain free public schools for the gratuitous instruction of all persons in this state within ages not in excess of twenty-one years as prescribed by law";

9) Plaintiff was born on xx/xx/1992;

10) Plaintiff possesses a fundamental right to a "gratuitous instruction" at a "free public school" because he is less than twenty-one years of age;

11) All acts or omissions of defendants are alleged to have occurred while they acted under color of law;

12) Defendants' acts or omissions have caused plaintiff harm and injury including, but not limited to, loss of unique educational opportunities in his regular classroom at Beaumont High School, emotional distress, humiliation, anxiety, stress, loss of sleep and appetite; loss of any advantage in the competitive job market, inability to complete academic applications which are based upon defamatory remarks which may be found in his student records as maintained by defendants;

## Count I
## Deprivation of Procedural Due Process

Plaintiff incorporates each of the foregoing paragraphs by reference as though fully restated herein and, pursuant to 28 U.S.C. §§ 2201 and 2202 as well as 42 U.S.C. §§ 1983 and 1988, for his claim of Deprivation of Procedural Due Process relating to the denial of an uninterrupted, continuous educational opportunity in the regular classroom pending completion of a board hearing, states the following:

13) Prior to February 4, 2010, plaintiff attended regular classes at Beaumont High School;

14) On February 4, 2010, the building principal suspended plaintiff from school;

15) On February 4, 2010, Betty Shackelford, executive director of Innovative Pathways, advised plaintiff by letter that he "received a ten day suspension with a recommendation for expulsion from Beaumont High School";

16) February 18, 2010, marked the last day of the ten-day suspension;

17) On February 19, 2010, defendants refused to permit plaintiff to return to his regular classroom at Beaumont High School;

18) On February 19, 2010, plaintiff by faxed letter requested a stay of his expulsion and return to his regular classroom pending a board hearing regarding his proposed expulsion in accordance with "§ 167.171.2(4) RSMo;"

19) Section 167.171.2(4) RSMo states:

> In the event of a suspension for more than ten school days, *where the pupil gives notice that such pupil wishes to appeal the suspension to the board, the suspension shall be stayed until the board renders its decision*, unless in the judgment of the superintendent of schools, or of the district superintendent, the

4

pupil's presence poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process, in which case the pupil may be immediately removed from school, and the notice and hearing shall follow as soon as practicable (emphasis added).

20) Defendant Adams has never even alleged that plaintiff "poses a continuing danger to persons or property or an ongoing threat of disrupting the academic process;"

21) Defendants have refused or failed to return plaintiff to his regular classroom at Beaumont High School pending the requested expulsion hearing;

22) Defendants have refused or failed to provide plaintiff an expulsion hearing as requested;

23) Absent this Court's intervention, defendants shall continue to deprive plaintiff of regular classroom instruction at Beaumont High School prior to completion of an appropriate expulsion hearing as requested;

24) Defendant Adams failure to return plaintiff to his regular classroom pending an expulsion hearing as duly requested by plaintiff reflects a reckless indifference and callous disregard for plaintiff's right protected by the Fourteenth Amendment of the United States Constitution;

25) Exemplary damages in the amount of $100,000 are necessary and appropriate to deter this unlawful conduct now and in the future;

26) Plaintiff has incurred and shall continue to incur reasonable attorney's fees to prosecute this civil action;

WHEREFORE, for all of the foregoing reasons, plaintiff prays for judgment in his favor and against defendants.  More specifically, plaintiff seeks (i) an Order preliminarily and

permanently enjoining defendants from failing to return plaintiff to his regular classroom at Beaumont High School pending an appropriate expulsion hearing, (ii) a Declaration that defendants' suspension and/or expulsion policies do not conform with §§ 167.161 or 167.171 RSMo, (iii) appropriate remedial and tutoring services at defendants' expense, (iv) compensatory and exemplary damages as determined by a jury, (v) reasonable attorney's fees in accordance with 42 U.S.C. § 1988, and (vi) any other relief this honorable Court deems necessary and appropriate;

### Count II
### Violation of Substantive Due Process

Plaintiff incorporates each of the foregoing paragraphs by reference as though fully restated herein and, pursuant to 28 U.S.C. §§ 2201 and 2202 as well as 42 U.S.C. §§ 1983 and 1988, for his claim of Deprivation of Procedural Due Process relating to the denial of an uninterrupted, continuous educational opportunity, states the following:

27) Between February 4, 2010, and March 8, 2010, defendants refused or failed to provide plaintiff any educational instruction in accordance with MO Const. art. IX, § 1(a);

28) Defendants' refusal or failure to educate plaintiff violated § 167.164.1 RSMo;

29) Section 167.164.1 RSMo states in pertinent part:

> ***Any suspension*** issued pursuant to section 167.161, or this section, ***or expulsion*** pursuant to section 167.161, ***shall not relieve the state or the suspended student's parents or guardians of their responsibilities to educate the student***. School districts are encouraged to provide an in-school suspension system and to search for other acceptable discipline alternatives prior to using

suspensions of more than ten days or expelling a student from the school (emphasis added).

30) Defendants have failed or refused to consider "in-school suspension" as an alternative to suspending plaintiff for more than 10 days;

31) Defendants have refused or failed to consider any "other acceptable discipline alternative prior to…expelling [plaintiff] from the school;"

32) Absent this Court's intervention, defendants shall continue to fail to educate plaintiff in his regular classroom at Beaumont High School prior to completion of an appropriate expulsion hearing as requested;

33) Defendant Adams failure to provide plaintiff his fundamental right to a "gratuitous instruction" at Beaumont High School reflects a reckless indifference and callous disregard for plaintiff's right protected by the Fourteenth Amendment of the United States Constitution;

34) Exemplary damages in the amount of $100,000 are necessary and appropriate to deter this unlawful conduct now and in the future;

35) Plaintiff has incurred and shall continue to incur reasonable attorney's fees to prosecute this civil action;

WHEREFORE, for all of the foregoing reasons, plaintiff prays for judgment in his favor and against defendants.  More specifically, plaintiff seeks (i) an Order preliminarily and permanently enjoining defendants from failing to educate plaintiff in his regular classroom at Beaumont High School pending an appropriate expulsion hearing, (ii) a Declaration that defendants' suspension and/or expulsion policies do not conform with §§ 167.161, 167.164 or 167.171 RSMo, (iii) appropriate remedial and tutoring services at defendants' expense, (iv)

compensatory and exemplary damages as determined by a jury, (v) reasonable attorney's fees in accordance with 42 U.S.C. § 1988, and (vi) any other relief this honorable Court deems necessary and appropriate;

### Count III
### Petition for Judicial Review

Plaintiff incorporates each of the foregoing paragraphs by reference as though fully restated herein and, pursuant to § 536.150 RSMo, for his Petition for Judicial Review relating to the deprivation of an uninterrupted, continuous educational opportunity in his regular classroom at Beaumont High School without due process of law, states the following:

36) Defendants have refused to return plaintiff to his regular classroom at Beaumont High School prior to completion of a duly requested expulsion hearing;

37) Defendants have refused to recognize plaintiff's request for an expulsion hearing;

38) Defendants have placed plaintiff in an alternative setting, ACEs;

39) At ACEs, plaintiff has been given academic work on a third-grade level;

40) At ACEs, plaintiff does not receive any classroom instruction;

41) At ACEs, plaintiff does not receive educational instruction from duly-certificated teachers;

42) Defendants have violated plaintiff's constitutional rights;

43) Defendants have exceeded their statutory authority;

44) Defendants have acted on unfair or unlawful procedure;

45) Defendants acts or omissions reflect arbitrary or unreasonable decisions;

WHEREFORE, for all of the foregoing reasons, plaintiff prays for judgment in his favor and against defendants. More specifically, plaintiff seeks (i) an Order preliminarily and permanently enjoining defendants from altering his permanent student records to reflect any

suspension or expulsion exceeding 10 days, (ii) a Declaration that defendants' suspension and/or expulsion policies do not conform with §§ 167.161, 167.164 or 167.171 RSMo, (iii) appropriate remedial and tutoring services at defendants' expense, (iv) return of plaintiff to his regular classroom at Beaumont High School, (v) compensatory and exemplary damages as determined by a jury, (v) reasonable attorney's fees in accordance with 42 U.S.C. § 1988, and (vi) any other relief this honorable Court deems necessary and appropriate.

Respectfully submitted,

THE TATE LAW FIRM, LLC

/s/ Rufus J. Tate, Jr.
Rufus J. Tate, Jr. 56733
7751 Carondelet, Suite 803
Clayton, MO 63105-3369
314.726.6495 Office
314.726.0424 Fax
tatelawfirm@aol.com
*Counsel for Plaintiff*

### Certificate of Service

I hereby certify that on March 19, 2010, I delivered by CM/ECF and e-mail an exact duplicate of the foregoing Complaint to:

Jeffrey A. St. Omer, Esq.
Lewis, Rice & Fingersh
600 Washington, Suite 2500
St. Louis, MO 63101
314.241.6056 Fax
jstomer@lewisrice.com
*Counsel for Defendants*
*Special Administrative Board*
*of the City of St. Louis & Kelvin Adams*